HENRY L. HALL

*v.*

WILLIAM B. JARVIS *et al.*

1. RESCISSION OF CONTRACT—*not for fraudulent representations unless relied on.* Where the complainant sought to rescind a contract for the exchange of lands which had been executed on his part, on the ground that the defendant had falsely and fraudulently represented that he had a perfect title to the lands he exchanged, and it appeared that the complainant took a bond from the defendant, secured by mortgage on the land

conveyed by the complainant, conditioned that the defendant should furnish a complete abstract within sixty days, showing a perfect title to the land he had given in exchange: *Held,* where the bill was filed before the expiration of the sixty days, in the absence of proof that complainant relied on the representations, that the fair inference was that he relied upon the bond and mortgage, and not upon the representations, and that he was not entitled to the relief sought, as there was no default at the time in failing to perform the conditions of the bond.

2. SAME—*burden of proof.* Where a party seeks in equity to rescind his contract on the ground that it was induced by fraudulent representations, the burden of proof is upon him to establish the fraud by showing the representations and their falsity.

3. GOVERNMENT GRANT—*patent not necessary to.* The United States, or a State, may transfer its lands by a special act of legislation without the issue of a patent. So, where, by special act of Congress, land was granted to the State of Iowa, and the Governor selected the same under the grant, it was held that a good title might be acquired without the issue of a patent, unless the act required one to be issued preliminary to the vesting of the title.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BLANCHARD, SILVER & CORWIN, for the appellant.

Mr. T. LYLE DICKEY, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This bill was framed upon the theory that the defendants, together with three other persons, combined to defraud the complainant out of his land.

The bill alleges that Rensky proposed to purchase from the complainant one hundred and sixty acres of land in La Salle county, valued at $3200, and give in exchange therefor a section of land in Iowa, valued at $2500, and two acres near Waukegan, Illinois, with some incumbrances upon the latter, and to pay, in money, $345 in ninety days. Rensky also agreed to execute a bond for $2500, to be void upon condition that he would, in sixty days, furnish a complete abstract showing title in him to the land in Iowa; and also

304 HALL v. JARVIS *et al.* [Sept. T.,

Opinion of the Court.

a mortgage to secure the performance of the condition of the bond and the payment of the money.

The bargain was consummated by the execution and delivery of the papers agreed upon, on the 22d of December, 1869.

The bill further alleges that Rensky, to induce the trade, falsely and fraudulently represented to complainant that he had a perfect title to the land in Iowa; that complainant relied upon such representations; and that, in fact, Rensky had no title whatever to the land.

As the case hinges upon a charge of fraud, it is unnecessary to detail the facts further than they bear upon this question.

The complainant was a witness, but in his testimony he did not state that he placed any reliance upon the parol declarations of Rensky as to the title. On the contrary, when he took a bond, secured by a mortgage on the land in La Salle county, making it obligatory upon Rensky to furnish a perfect abstract of title in sixty days, the fair inference is that he relied upon the bond and mortgage, and not upon the representations.

The bill was filed on the 25th of January, 1870, when the time allowed by the bond had only about half expired. There was then no default on the part of Rensky, and the complainant had no right to claim a rescission of the contract until the expiration of the sixty days.

The burden of proof of the fraud charged rested upon the complainant, and he has failed to establish that the representations alleged to have been made were false.

The only evidence as to the want of title in Rensky, was the deposition of the Register of the United States Land Office at Sioux City, Iowa, in which he stated that the land in question had been granted to the State of Iowa by act of Congress, and had been selected by the Governor of the State under the grant, but that no patent had been issued.

The United States, or a State, may transfer the land vested in them by a special act of legislation. If, as we infer from

the deposition of the Register, there was such special legislation as to the land in controversy, and the Governor selected the land by virtue of the grant to the State of Iowa, then a good title might be acquired without the issue of a patent, unless the act required that one should be issued preliminary to the vesting of the title.

The falsity of the representations has not been sufficiently established to entitle the complainant to the relief sought.

The decree of the court is affirmed; except, as there is some suspicion of fraud, and the present bill was filed prematurely, it is ordered that the bill be dismissed without prejudice.

*Decree affirmed.*